IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-204-GCM

| | | |
|---|---|---|
| W. ANDREW LELIEVER, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JAMES T. WARD, TRUSTEE for | ) | |
| MATTHEW ALAN JENKINS, et al., | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |

THIS MATTER comes before the Court on Appellee's Motion to Dismiss Bankruptcy Appeal [Doc. No. 2], Appellant's response [Doc. No. 4], and Appellee's reply [Doc. No. 8]. Also before the Court is Appellee's Motion for Damages and Costs for Frivolous Bankruptcy Appeal [Doc. No. 3], Appellant's response [Doc. No. 5], and Appellee's reply [Doc. No. 9]. The matters, fully briefed by the parties, are ripe for determination. For the reasons set forth below, the Court will grant Appellee's Motion to Dismiss Bankruptcy Appeal and Appellee's Motion for Damages and Costs for Frivolous Bankruptcy Appeal.

**I. PROCEDURAL BACKGROUND**

On April 11, 2012, the Debtor, Matthew Allen Jenkins, filed a voluntary petition for relief pursuant to chapter 7 of the Bankruptcy Code. [Bankruptcy Docket 12-50413, Doc. No. 1] On April 30, 2012, the Clerk of Court filed a Notice of Presumed Abuse Under § 11 U.S.C 707(b)(2) in the Debtor's case. [*Id*., Doc. No. 34]. On May 30, 3012, the Bankruptcy Administrator filed a statement pursuant to 11 U.S.C. § 707(b)(2) indicating that a motion to dismiss the Debtor's case was not appropriate in this case, notwithstanding that a presumption of

abuse had arisen. [*Id.*, Doc. No. 61]. On June 5, 2012, W. Andrew LeLiever, Appellant in this matter, filed the Motion requesting that the Court dismiss the Debtor's bankruptcy case "as a matter of law" based on the Debtor's "failure of the means test." [*Id.*, Doc. No. 73]. The LeLiever Motion was opposed by Appellee, Federated Financial Corporation of America, a creditor in the Debtor's case, and the United States Bankruptcy Administrator. [*Id,*. Doc. Nos. 88, 95 and 97]. On June 27, 2012, the Bankruptcy Court conducted a hearing on the LeLiever Motion and on July 2, 2012, entered its Order Denying Motion to Dismiss Debtor's Chapter 7 Bankruptcy Petition filed by W. Andrew LeLiever. [*Id.,* Doc. No. 124]. On March 27, 2013, Appellant filed a Notice of Appeal with respect to that Order. [*Id.*, Doc. No. 182]. On April 2, 2013, the Appellee, filed the instant motions to dismiss the bankruptcy appeal and for damages for filing a frivolous appeal. [Doc. Nos. 2 and 3].

## II.     ANALYSIS

Appellee contends that Appellant LeLiever's bankruptcy appeal must be dismissed because the order he is appealing from is a final order pursuant to the Fourth Circuit's holding in *McDow v.* Dudley, 662 F.3d 284 (4th Cir. 2011) and must be appealed within fourteen days. Appellee's notice of appeal was filed beyond the fourteen day deadline for filing a notice of appeal pursuant to Federal Rule of Bankruptcy Procedure Rule 8002. Compliance with this filing deadline is jurisdiction, therefore, the instant appeal, filed more than eight months after entry of the Order appealed from must be dismissed as untimely.

Appellant contends that the Appellee has overstated the holding of *McDow* and argues that the *McDow* case only applies to cases in which the United States Trustee filed the motion to dismiss. Appellant argues that in such instances, the bankruptcy court order on such motion to dismiss is a final order that could be appealed immediately. However, in cases such as the

instant case, where the motion to dismiss pursuant to § 707(b) is brought by a party other than the United States Trustee, such order is not final.

The Court has considered the *McDow* case and is not persuaded by Appellant's argument. In the *McDow* case, the Fourth Circuit considered "whether a bankruptcy judge's order denying a § 707(b) motion to dismiss a Chapter 7 bankruptcy case as abusive is a final order within the meaning of 28 U.S.C. § 1581(a)(1)." 662 F.3d at 287. In considering this question, the Fourth Circuit found it "beneficial to consider the precise nature and effect of the order at issue – an order denying a § 707(b) motion." *Id.* at 288. Upon review of the relevant statutory provisions, case law, and policy considerations, the *McDow* court set forth its holding as follows: "We agree with the circuits that have specifically addressed both the current and prior versions of § 707(b) and hold that a bankruptcy court's order denying a § 707(b) motion to dismiss a Chapter 7 case as abusive is a final order within the meaning of 28 U.S.C. § 158(a)." *Id.* at 289. The *McDow* court did not, as Appellant contends, define the issue before it as one of unique applicability to United States Trustee motion under § 707(b) and its holding does not reflect an intention to set forth a separate rule as to finality that only applies when the § 707(b) movant was the United States Trustee.[1] If the Circuit Court had intended to limit its holding to § 707(b) motions brought by United States Trustees, it would have so stated that limitation. Therefore, based on the Fourth Circuit precedent articulated in the case of *McDow v. Dudley*, 62 F.3d 284, 289 (4th Cir. 2011), the order from which Appellant appeals from is a final order.

Rule 8002(a) of the Federal Rules of Bankruptcy Procedure provides that a notice of appeal is timely if filed within fourteen (14) days of the entry of judgment, order, or decree being

---

[1] The Court is aware that the *McDow* case involved the denial of a United States Trustee's motion to dismiss, however, the Fourth Circuit did not limit its holding to cases wherein a United States Trustee is the movant under § 707(b). Instead, the Fourth Circuit held that a bankruptcy court's order denying a motion to dismiss a Chapter 7 cases as abusive is a final order. *McDow*, 662 F.3d at 289.

3

appealed. Because the bankruptcy court's order was immediately appealable, pursuant to Rule 8002(a), the deadline for any appeal of that order ran on July 16, 2012. The instant notice of appeal was filed on March 28, 2013, more than eight months after entry of the order. Therefore, this Court lacks jurisdiction[2] to consider Appellant's Appeal and the appeal must be dismissed as untimely and Appellee's Motion to Dismiss is GRANTED.

Next, the Court considers Appellee's motion for damages and costs for bringing a frivolous appeal. Rule 8020 of the Federal Rules of Bankruptcy Procedure states "[i]f a district court . . . determines that an appeal from an order, judgment, or decree of a bankruptcy court is frivolous, it may, after a separately filed motion . . . and reasonable opportunity to respond, award just damages and single or double costs to appellee." In considering a motion for sanctions for a frivolous bankruptcy appeal, courts are to "first determine that the appeal is frivolous, and then determine that [it] is an appropriate case for the imposition of sanctions." *In re Property Movers, L.L.C.,* 31 Fed App'x 81, 84 (4th Cir. 2002) (quoting *Williams v. United States Postal Service*, 873 F.3d 1069, 1075 (7th Cir. 1989)). A frivolous appeal is one in which the result is obvious or the appellant's argument lacks any merit. *Id.* Sanctions for bringing a frivolous appeal provide compensation to the prevailing party for the expense of defending a wholly meritless appeal. *Id.* The decision whether to grant sanctions for a frivolous appeal is discretionary. *National Energy & Gas Transmission, Inc.,* 2009 WL 2229784 at * 4 (D. Md. July 22, 2009).

The appeal in this case was so obviously untimely that the time and effort necessary to obtain a dismissal seems sufficiently minimal, especially for attorneys as experienced as those involved in this case. Therefore, the Court will GRANT Appellee's Motion, and direct Appellant to pay Appellee for a half of his costs in filing this motion in the amount of $1,966.30.

---

[2] *See In re Anderson News, LLC*, 2012 WL 5928316 (D. Del. Nov. 26, 2012).

## III. CONCLUSION

Based upon the foregoing, IT IS HEREBY ORDERED that Appellee's Motion to Dismiss Bankruptcy Appeal [Doc. No. 2] is GRANTED and Appellee's Motion for Damages and Costs for Frivolous Bankruptcy Appeal [Doc. No. 3] is GRANTED. Appellant SHALL pay Appellee half of the costs associated with filing this motion in the amount of $1,966.30. Appellant's Bankruptcy Appeal is hereby DISMISSED

IT IS SO ORDERED.

Signed: May 3, 2013

Graham C. Mullen
United States District Judge